```
              UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        AT CHARLESTON
```

**ROGER DWAYNE SMITH,**

      Plaintiff,

v.                                        Case No. 2:14-17001

**JOSHUA HYPES**, Correctional Officer,
**DANIEL HAHN**, Correctional Officer,
**DAVID BALLARD**, Warden,
Mount Olive Correctional Complex,
**JIM RUBENSTEIN**, Commissioner, West Virginia
Division of Corrections,
**SHANNA COLEMAN**, Mental Health Counselor,
**MEREDITH SMITH**, Mental Health Doctor, and
**SHERRILL SNYDER**, Mental Health Director,
each in their individual and official capacities,

      Defendants.


## MEMORANDUM OPINION AND ORDER

Pending is a motion to dismiss filed June 24, 2014, by defendants Jim Rubenstein, David Ballard, Daniel Hahn and Joshua Hypes (the "DOC defendants").

This action was previously referred to Dwane L. Tinsley, United States Magistrate Judge, who has submitted his Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).

The court has reviewed the PF&R entered by the magistrate judge on January 23, 2015. The magistrate judge recommends a partial dismissal on the following grounds: (1) defendants Rubenstein and Ballard are immune under the Eleventh Amendment from liability for monetary damages in their official capacities, (2) plaintiff's allegations of fault on the parts of defendants Ballard and Rubenstein respecting plaintiff's receipt of mental health care do not withstand scrutiny under Rule 12(b)(6). The magistrate judge additionally recommends that the balance of the motion to dismiss be denied.

On February 6, 2015, the court received plaintiff's objections. The only objection requiring discussion is plaintiff's contention that the magistrate judge erred in recommending dismissal of the mental health related claims against defendants Ballard and Rubenstein. The court has reviewed the plaintiff's allegations in the complaint, along with the factual contentions found in his objections.

The magistrate judge is correct. The allegations respecting the mental health related claims, at least insofar as they relate to defendants Rubenstein and Ballard, do not give rise to a plausible supervisory liability claim or a direct Eighth Amendment claim. They amount to, at best, a plea for

2

respondeat superior liability, which is not a permissible basis for imposing liability under 42 U.S.C. § 1983.  See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

The objections are thus not meritorious.  The court concludes the recommended disposition is correct.  Accordingly, it is ORDERED that:

1. The PF&R be, and it hereby is, adopted by the court; and
2. The matter is recommitted to the magistrate judge pursuant to the terms of the standing order earlier entered in the case.

The Clerk is directed to forward copies of this written opinion and order to the pro se plaintiff, all counsel of record, and the United States Magistrate Judge.

DATED: February 23, 2015

John T. Copenhaver, Jr.
United States District Judge