## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

ROGER DWAYNE SMITH,

                Plaintiff,

v.                                  **Case No. 2:14-cv-17001**

JOSHUA HYPES, Correctional Officer, *et al.*,

                Defendants.

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).   Pending before the court is a Motion for Summary Judgment filed by defendants Shanna Coleman, Meredith Smith and Sherrill Snyder (ECF No. 115).[1]

### STANDARD OF REVIEW

In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.   The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.   The court should state on the record the reasons for granting or denying the motion.

---

[1] Also pending before the court is a Motion for Summary Judgment filed by defendants David Ballard, Daniel Hahn, Joshua Hypes and Jim Rubenstein (ECF No. 119), which will be addressed in a separate Proposed Findings and Recommendation.

Fed. R. Civ. P. 56(a) (2010).   Material facts are those necessary to establish the elements of a party's cause of action.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant.   *Id.*   The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's case.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).   Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute.   *Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991).

Rule 56(c)(1) of the Federal Rules of Civil Procedure provides that:

A party asserting that a fact cannot be or is genuinely disputed, must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B)   showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).   Subsection (e) of Rule 56 provides that, if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the court may: (1) give the parties an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and undisputed supporting materials show that the movant is entitled to it; or (4) issue any other appropriate order.   Fed. R. Civ. P. 56(e).

A court must neither resolve disputed facts nor weigh the evidence, *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, the party opposing the motion may not rely upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Sprenkle v. Hartford Life Ins. Co.*, 84 F. Supp. 2d 751 (N.D. W. Va. 2000).

## UNDISPUTED FACTS

The plaintiff, Roger Dwayne Smith, who is serving a life sentence without mercy, has been an inmate at the Mount Olive Correctional Complex ("MOCC") since March 16, 2007. (ECF No. 115, Ex. A at 6-7). Defendants Shanna Coleman, Meredith Smith and Sherrill Snyder (hereinafter "the Psimed Defendants") are or were, at all times relevant to this civil action, employees of Psimed Corrections, LLC, which contracted with MOCC to provide mental health services to its inmates. (ECF No. 117 at 2).

The Complaint alleges that, between August 28, 2013 and September 1, 2013, the plaintiff, who was then housed in the Quilliams II segregation unit (hereinafter sometimes referred to as "Q-2"), repeatedly asked MOCC staff to contact "mental health" about coming to see him because he was allegedly suffering from anxiety attacks and depression. The plaintiff further alleges that MOCC staff members repeatedly told him

3

that no one from mental health was available to see him and his requests for assistance went unanswered.   On September 1, 2013, the plaintiff flooded his cell and was pepper sprayed by MOCC staff.   He was extracted from his cell and examined and decontaminated by a nurse; however, he was not seen by any mental health professional at that time.   He subsequently filed several grievances, at least one of which requested mental health services.   The Complaint further alleges that, on or about September 9, 2013, the plaintiff attempted suicide by slashing his wrists in his cell.

The plaintiff has alleged that the Psimed Defendants were negligent because they did not see him quickly enough after he filed his inmate grievance requesting mental health services.   (ECF No. 115, Ex. A at 74, 95 and 97).   However, the plaintiff has admitted that he is not aware of any evidence to demonstrate that his grievance requesting mental health services, which was given to MOCC staff, was thereafter given to Psimed staff.   *Id.* at 71.   During his deposition, the plaintiff admitted that he would have no criticism of Psimed or its employees if Psimed had not been provided with a copy of that grievance.   (*Id.* at 72).

During his deposition, the plaintiff further conceded that he cannot demonstrate any violation of Psimed's Policy or Procedure Manual and that he cannot offer the opinion of an expert witness who would testify that any of the Psimed Defendants violated the applicable standard of care of mental health care providers.   (*Id.* at 67, 71, 85 and 96).

In support of their Motion for Summary Judgment, the Psimed Defendants have offered the undisputed Affidavit of Sherrill Snyder, who is the Mental Health Services Director for Psimed at MOCC.   The Snyder Affidavit indicates that the plaintiff was seen by mental health personnel on thirteen occasions between September 3, 2013 and

4

February 25, 2014, and further states that "whenever a written request was received by Mental Health to see Mr. Smith, someone was there within the required time set forth in the policies."   (ECF No. 148 at 2, ¶¶ 5-6).   The Snyder Affidavit further asserts that "there were several times when Mr. Smith filed grievances and those grievances were not referred to Mental Health."   (*Id.* at 2, ¶ 7).

The Snyder Affidavit further asserts the following facts concerning the plaintiff's alleged suicide attempt:

> 8.     The medical records of Mr. Smith indicate that when he was seen by a nurse on September 2, 2013, at 6:00 a.m., it was noted that he had no suicidal ideations.
>
> 9.     Notwithstanding that, Mr. Smith was still seen the next day on September 3, 2015 [sic; 2013] by Shanna Coleman.
>
> 10.    Mr. Smith asserts that he attempted suicide on September 9, 2013, by utilizing a metal instrument to attempt to slash his wrists, although no stitches were needed to tend to his wounds.
>
> 11.    Mr. Smith was seen on September 9, 2013 by Dr. Meredith Smith, on September 10, 2013 by Tim Carper and again on September 11, 2013 by Dr. Meredith Smith.

(*Id.* at 2-3, ¶¶ 8-11).

## **ANALYSIS**

The Psimed Defendants' Memorandum of Law in support of their Motion for Summary Judgment asserts that the plaintiff cannot establish compliance with the West Virginia Medical Professional Liability Act ("MPLA"), West Virginia Code § 55-7B-1 *et seq.*, and further asserts that the plaintiff's Complaint fails to state a viable negligence claim against them.   (ECF No. 117 at 4-14).   The undersigned will address each contention in turn.

## *Failure to comply with the MPLA*

Before filing a medical malpractice or negligence claim against any health care provider, a plaintiff must comply with the requirements of West Virginia Code § 55-7B-6, part of the MPLA, which provides, in pertinent part, as follows:

> (a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.

> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation.   The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit.   The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia Rules of Evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death.   A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted.   The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. . . .

W. Va. Code § 55-7B-6.   The MPLA defines "medical professional liability" as "any liability for damages resulting from the death or injury of a person for any tort or breach of contract based on health care services rendered, or which should have been rendered, by a health care provider or health care facility to a patient."   W. Va. Code § 55-7B-2(i). As further noted by the Psimed Defendants, the MPLA defines "health care facilities" and "health care providers" to include psychologists and behavioral health and mental health facilities   W. Va. Code §§ 55-7B-2(f) and (g).   The Psimed Defendants assert that the

plaintiff did not submit the requisite pre-filing notice of claim and certificate of merit, and that this matter does not meet the limited, readily-evident circumstances under which the certificate of merit is not required.   (ECF No. 117 at 11-12).

The Memorandum of Law further asserts that the Psimed Defendants are entitled to judgment as a matter of law because the plaintiff cannot demonstrate that those defendants breached a duty of care owed to the plaintiff and, thus, cannot meet the essential elements of a negligence claim.[2]   The Snyder Affidavit, which is undisputed by the plaintiff, concludes that:

> Based upon all of the records maintained by Mount Olive Correctional Complex and my experience, it is my opinion that the care and treatment rendered to Mr. Smith by the Psimed employees and other mental healthcare providers at Mount Olive Correctional Complex was within standard operating procedures at Mount Olive Correctional Complex and within the acceptable standard of care expected of reasonably prudent mental health care providers under similar circumstances.

(*Id.* at 3, ¶ 12).

On July 21, 2016, the plaintiff filed a Response to the PsiMed defendants' Motion for Summary Judgment (ECF No. 147), in which he agrees that these defendants are entitled to judgment as a matter of law on his claims against them.   Therefore, it is undisputed that the plaintiff has failed to satisfy the pre-requisites of the West Virginia MPLA.   Moreover, the plaintiff has conceded that he is unable to demonstrate that the Psimed Defendants ignored his requests for mental health assistance or in any other way

---

2   The elements of a negligence claim are:   (1) the existence of a duty; (2) the breach of that duty; (3) loss or damage to another caused by the breach; and (4) actual loss or damage.   *See Strahin v. Cleavenger*, 603 S.E.2d 197, 205 (W. Va. 2004).   The plaintiff must prove by a preponderance of the evidence that the defendants owed the plaintiff a legal duty and that, by breaching that duty, the defendants proximately caused injury to the plaintiff.   *Id.; see also Rhodes, et al. v. E.I. Du Pont de Nemours & Co.*, 657 F. Supp.2d 751 (S.D. W. Va. 2009).   (ECF No. 117 at 13).

engaged in conduct that fell below an objective standard of reasonableness under the circumstances.  Accordingly, the plaintiff cannot demonstrate the breach of a duty of reasonable care owed to him by these defendants and, therefore, he cannot establish the essential elements of a negligence claim.

Thus, the undersigned proposes that the presiding District Judge **FIND** that there is no genuine issue of material fact concerning the liability of defendants Shanna Coleman, Meredith Smith and Sherrill Snyder, and that it is undisputed that those defendants are entitled to judgment as a matter of law on the plaintiff's claims against them.

## RECOMMENDATION

Based upon the proposed findings contained herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Motion for Summary Judgment filed by defendants Shanna Coleman, Meredith Smith and Sherrill Snyder (ECF No. 115) and dismiss them with prejudice as defendants herein.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge

for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be provided to the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

January 10, 2017

Dwane L. Tinsley
United States Magistrate Judge

9